[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On November 17, 1999, this Court presided over a trial in the matter of In re Shaqueal and Shannon C Present in the courtroom were Assistant Attorney General Suzanne Miller, counsel for the Department of Children and Families; Frank Twohill, counsel for the mother, Gail C and Lori McLain, social worker for the Department of Children and Families.
Mother and father were not present in court during any portion of the proceedings.
The testimony and exhibits presented at this hearing provided the following procedural history. On August 7, 1996, Shannon C was born in Yale New Haven Hospital. Due to allegations of, inter alia, abandonment, the Superior Court for Juvenile Matters entered an order of temporary custody for both children on August 14, 1996. The order was confirmed and Shannon placed in the home of paternal cousins on August 23, 1996. She has remained in the same foster home since that date. Her brother, Shaqueal, went to a series of different foster homes. He was finally placed with his sister in April, 1999.
Both children were committed to the custody of the Department of Children and Families on February 13, 1997. After a series of commitment extensions, a petition for Termination of Parental Rights was filed on April 20, 1999. The bases for termination of parental rights were mother's alleged abandonment of her children, her failure to rehabilitate himself and the absence of any parent — child relationship. CT Page 14969
The State introduced the following exhibits:
Exhibit A: Social Study for Termination of Parental Rights dated May 5, 1999
Based upon the testimony and documentary evidence presented, this Court makes the following findings:
A. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate Gail C
B. There is clear and convincing evidence that Department of Children and Families has made reasonable efforts to reunify the children with their parents.
In the present case, reasonable efforts were not possible in the case of either parent inasmuch as they have abandoned these children and have not made themselves available to either the Court, the Department of Children and Families or their counsel.
C. There is clear and convincing evidence that for at least 1 year the following exist
 (1) The children have been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time they could assume a responsible position in their children's lives.
D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parent.
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. After an initial, brief, compliance, Mrs. C never availed CT Page 14970 herself of any of these programs and opportunities.
2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligation under the order
Neither parent has never contacted either the court or the Department of Children and Families. Neither sought visitation with their children, neither inquired about welfare of these children. In summary, they have ceased to acknowledge their children's existence. Furthermore, Mrs. C failed to adhere to any of the court's expectations.
3. Feelings and emotional ties of the child with respect to his parent and any person who has exercised physical care, custody and control of the child for at least one year and with whom the child has developed significant emotional ties.
Shannon was 10 days old at the time she entered her current foster care placement. Shaqueal three years old. Shannon has never had any contact with her biological father. Since his father lives a short distance from the foster home, Shaqueal sees his father occasionally in passing, and although he acknowledges the gentleman's presence, the greetings are without familial warmth.
Neither parent has ever contacted the department to inquire about these children. Neither has provided financial support. Neither has offered resources for their children. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
Both children have a strong, loving relationship with their current foster parents, and turn to them for comfort and reassurance.
4. Age of the child
Shannon is a three year old child. Her older brother Shaqueal, is currently five years old.
5. Parent's efforts to adjust his/her circumstances to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including the extent of parental contact with child and the extent ofCT Page 14971 parental contact or communication with child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of these children.
6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of child, other parent, or other person or by economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the children.
7. Whether the DCF has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately, at the present time, termination of parental rights is in the best interests of these children.
The statutory parent for Shaqueal C and Shannon C shall be the Commissioner of the Department of Children and Families. A case plan must be filed on or before January 23, 2000.
Dewey, J. November 23, 1999